UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
Proceeding Memorandum/Order

**In Re:** Alfred V. Fraumeni, Jr., Inc.        **Case/AP Number** 13-15239 -FJB
**Chapter** 11

Evidentiary Hearing
#25 Motion of U.S. Trustee to Convert Case to Chapter 7 (E. Bradford)
#28 Objection of Debtor (G. Nader)
#31 Affidavit of Debtor
#32 Affidavit of Don Carter (Treasurer Collector) of Creditor Town of Middleton (D. Baker)
#37 Joint Pre-Trial Memorandum

**COURT ACTION:**

#25_____ Hearing held

_____ Granted        _____ Approved        _____ Moot

_____ Denied         _____ Denied without prejudice        _____ Withdrawn in open court

_____ Overruled      _____ Sustained

_____ Continued to _____

_____ Proposed order to be submitted by _____

_____ Stipulation to be submitted by _____

_____ No appearance by _____

Show Cause Order       _____ Released        _____ Enforced

DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

For the reasons set forth below, the Motion of the United States Trustee to Convert Chapter 11 Case to Chapter 7 is granted. Accordingly, this case is hereby converted to one under Chapter 7.

Citing 11 U.S.C. § 1112(b)(4)(A), the United States Trustee (the "UST") moves to convert this chapter 11 case to one under chapter 7. The following facts are either agreed to (in the parties' joint pretrial memorandum) or uncontested: this is the debtor's fourth chapter 11 case; in addition, Alfred Fraumeni, the debtor's owner, and his wife have each filed for bankruptcy; since 1991 the debtor has spent 59 months in chapter 11; the next previous case to this case ended with an order barring the debtor from filing another bankruptcy case for 18 months; the debtor has filed no proposed plan and disclosure statement; the debtor's exclusivity period in this case expired on December 31, 2013; the debtor has been late in filing its monthly operating reports with the UST; the debtor's sole assets are three non-contiguous, vacant parcels of real estate (the "Properties"), each of which is in tax taking and subject to tax liens in the aggregate amount of $483,000; the debtor has no employees or operations; the debtor has realized net cash flow in this case of $14 per month; according to the debtor's schedule of real property, the Properties have a fair market value of $1,500,000; and the debtor has significant equity in the Properties. Although the debtor presented evidence that post-petition real estate taxes have been paid on the Properties, it is undisputed that interest is accruing on the prepetition taxes due on the Properties, perhaps at 16% per annum. And the debtor admitted that it had paid certain post-petition real estate taxes late, only the day before the hearing on this motion. The debtor has $483,000 in accumulated real estate taxes due and has failed to pay one municipality, the Town of Middleton, for 13 years. The debtor argued that the UST has not established "cause" under 11 U.S.C. § 1112, but the focus of its opposition is its argument that it has a reasonable likelihood of confirming a plan within a reasonable time.

The UST has established "cause" for conversion under § 1112(b)(1) and (4). Cause is established under 11 U.S.C. § 1112(b)(4)(A) (the accrual of post-petition interest on the real estate taxes and the absence of a reasonable likelihood of reorganization), (b)(4)(B) (gross mismanagement of the estate – paying taxes only when debtor reached this hearing), (b)(4)(I) (same), and (b)(4)(F) & (H) (failure to timely file operating reports, again they were only filed the day before the hearing). In addition, because the enumerated list of reasons for

IT IS SO ORDERED:

_/s/ Frank J. Bailey_____ Dated: 02/26/2014
Frank J. Bailey
United States Bankruptcy Judge

the finding of cause is nonexclusive, I also find that there is cause in that this is the debtor's fourth bankruptcy with respect to the same assets, and the debtor has each time required further reorganization, either because its case was dismissed or because its confirmed plan ultimately failed.  I also find that the "plan" offered by the debtor through its principal in his direct examination (by affidavit) does not come close to meeting the debtor's burden of establishing the likelihood of confirming a plan in a reasonable period of time.  The plan relies on the following:  subdivision approval by the Town of Middleton; a successful deal with a neighbor with respect to a land purchase to access the road; and the obtaining of financing to pay $483,000 in past due taxes by an entity that has spent years in and out of bankruptcy. Each of these contingencies remains quite speculative, but even if each could be achieved, in a best case scenario it would take many months to reach the effective date of a confirmed plan.  The towns have been delayed already a grossly unreasonable time in payment of the tax obligations due them; the prospect of reorganization here is far too remote and speculative to justify further delay, especially where the debtor's sole owner—the only party in interest who would benefit from delay—has been either unable or unwilling to fund payment of the taxes for well over a decade. Chapter 11 was simply not designed for this purpose.  All that the debtor has going for it is equity in the Properties.  But the debtor has utterly failed, despite five years of delay in four cases, to effectuate a plan.  Based on the foregoing, I conclude that this case must be converted to one under chapter 7, to let a chapter 7 trustee do what the debtor has failed to do for much too long:  get the debts paid.